CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 04, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| AVON CONSTANTINO QUIERO, JR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00013 |
| | ) | |
| STILTNER, et al., | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Avon Constantino Quiero, Jr., a Virginia detainee proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Following review pursuant to 28 U.S.C. § 1915A, I will dismiss the Complaint for failure to state a claim upon which relief may be granted.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). But the court must dismiss any action filed by a prisoner against a state defendant if the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Quiero names several defendants in this action but has failed to state cognizable claims against any of them.[1] First, Quiero sues Deputy Stiltner of the Augusta County Sheriff's Office. According to Quiero, Deputy Stiltner failed to investigate and pursue criminal charges against individuals who allegedly committed crimes against Quiero. But Quiero has no constitutional

---

[1] Quiero has corrected the names of some defendants, Dkt. No. 11, and I refer to the corrected names.

right to the criminal prosecution or non-prosecution of another person. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). Accordingly, Quiero's claim against Deputy Stiltner fails.

Second, Quiero sues two of Deputy Stiltner's supervisors, Lieutenant Snyder and Sheriff Smith, who are allegedly aware of the deputy's failure to investigate the crimes of which Quiero complains. "In order to succeed on a § 1983 claim for supervisor liability, a plaintiff must show[,]" among other things, "an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). But as the court already concluded, there was no underlying constitutional injury to Quiero resulting from Deputy Stiltner's failure to investigate or pursue criminal charges. Therefore, no supervisor liability claim can succeed against Lieutenant Snyder and Sheriff Smith.

Third, Quiero sues Magistrate Judith Owens, who issued three criminal citations against Quiero. He claims that Magistrate Owens issued the citations "without a prior complaint by a citizen or member of law enforcement[.]" Dkt. No. 1, at 8. Quiero further alleges that there was no affidavit of probable cause to support these charges and that Magistrate Owens denied Quiero bail. Regardless, magistrates are entitled to absolute immunity when exercising their judicial function, and it is beyond dispute that Magistrate Owens was doing so when performing the acts of which Quiero complains. *See King v. Myers*, 973 F.2d 354, 356–59 (4th Cir. 1992).

Fourth, Quiero sues an Augusta County Sheriff's Deputy who he only knows as "Keisha." Dkt. No. 1, at 9. According to Quiero, Deputy Keisha arrested Quiero "without a warrant or observing a crime." *Id.* But these allegations are devoid of any factual content, and the court does not accept the truth of conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664

2

(2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

Fifth, Quiero sues Sergeant Scott, Deputy Keisha's supervisor. According to Quiero, Sergeant Scott knew about Deputy's Keisha's alleged "violation of [Quiero's] rights." Dkt. No. 1, at 11. But as Quiero has failed to adequately allege a constitutional violation attributable to Deputy Keisha, his supervisor liability claim against Sergeant Scott cannot succeed.

Sixth, Quiero sues certain John/Jane Doe defendants who were officers at the Middle River Regional Jail where Quiero was held. According to Quiero, these defendants refused Quiero's requests for a phone call which denied him "access to counsel, bail, [and] medical treatment[.]" *Id.* at 11-12. As an initial matter, Quiero had no constitutional right to a phone call. *See Hamilton v. Lyons*, 74 F.3d 99, 107 (5th Cir. 1996) (pretrial detainee's complaint that he was denied "telephone access" did not "give rise to a constitutional claim."). Moreover, "there is no suggestion" that Quiero "was unable to contact his attorney . . . to prepare for his criminal case by means other than the telephone." *Saunders v. Dickerson*, No. 1:07-cv-01094, 2008 WL 2543428, at *4 (E.D. Va. June 25, 2008); *see also Jones v. Ancrum*, No. 0:06-cv-02432, 2007 WL 2891430, at *9 (D.S.C. Sept. 27, 2007) (no constitutional issue where the plaintiff was "free to write to his attorney, if he needed to do so, or he could have asked family members to contact his attorney."). Finally, although Quiero complains that his lack of telephone access denied him "bail" and access to "medical care," he has provided no factual support for these allegations. For these reasons, Quiero's claims against these defendants fail.

Seventh, Quiero sues the Commonwealth's Attorney for Augusta County. According to Quiero, the Commonwealth's Attorney requested a competency evaluation for Quiero "absent good faith or reason to believe [it was] necessary." Dkt. No. 1, at 12. Quiero further alleges that

3

the Commonwealth's Attorney presented "false or biased testimony" at hearings in his case. *Id.* at 13. But "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Accordingly, Quiero's claim against the Commonwealth's Attorney fails.

Eighth, Quiero sues Alexander Rudolph Raines, III, a public defender who represented Quiero. Quiero complains that Mr. Raines "misrepresented [Quiero's] mental capacity" and requested that Quiero be permitted to enter a not guilty by reason of insanity plea. Dkt. No. 1, at 15. But "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). This includes public defenders who were performing "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, *id.* at 325, like Mr. Raines. Accordingly, Quiero's claim against Mr. Raines cannot succeed.

Ninth, Quiero sues Cheryl Willingham and a "John Doe #4" who were employees of Blue Ridge Legal Services and provided evidence and testimony against Quiero. According to Quiero, Ms. Willingham's statements and reports misrepresented her interactions with Quiero, and John Doe # 4 falsely testified that Ms. Willingham was afraid to meet with Quiero. As private witnesses, these defendants are not state actors subject to suit under § 1983, and Quiero's claims against them accordingly fail. *Hamdan v. Younes*, 615 F. App'x 165, 166 (4th Cir. 2015) (per curiam) (citing *Brisco v. LaHue*, 460 U.S. 325, 329–34 (1983)).

Tenth, Quiero sues Dr. Simopolis, the psychiatrist who conducted Quiero's competency evaluation. According to Quiero, the report generated by Dr. Simopolis was "not supported by sound medical practice" and ignored certain factual circumstances. Dkt. No. 1, at 18. Regardless,

4

court-appointed psychiatrists evaluating defendants are not state actors subject to suit under §

1983. *Blackwell v. Stiltner*, No. 7:24-cv-00271, 2024 WL 4638800, at *1 (W.D. Va. Oct. 30,

2024) (citing *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980)).

Finally, Quiero sues Judge Shah of the Augusta County General District Court, the judge

who presided over Quiero's competency hearings and preliminary examination. Quiero raises

issues with these hearings and claims that Judge Shah's finding that there was probable cause for

Quiero's charges somehow "violated Double Jeopardy." Dkt. No. 1, at 18–19. But "judges enjoy

absolute immunity from civil suit, even if the judge is accused of acting maliciously or

corruptly." *Blackwell*, 2024 WL 4638800, at *1 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

"The only exceptions to this immunity involve actions taken outside [a judge's] judicial role or

those taken without jurisdiction," *id.*, and neither exception applies here.

For these reasons, I will dismiss this action without prejudice under 28 U.S.C.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.[2] An appropriate

order accompanies this memorandum opinion.

Enter:  May 1, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

---

[2] Because I will dismiss this action without prejudice, I will also deny as moot Quiero's pending Motion
for Emergency Injunction, Dkt. No. 10.